UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                                             :

JAMES LAURENCE SMITH,          :         3:17-CV-02170 (RMS)
     *Plaintiff*,                               :

v.                                                     :

NANCY A. BERRYHILL,              :
ACTING COMMISIONER OF        :
SOCIAL SECURITY[1]                 :         DATE: MARCH 27, 2019
     *Defendant.*                            :
------------------------------------------------------- x

### RULING ON THE PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER AND ON THE DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER

This action, filed under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeks review of a final decision by the Commissioner of Social Security ["SSA" or "the Commissioner"] denying the plaintiff's application for Supplemental Security Income ["SSI"] and Social Security Disability Insurance ["SSDI"] benefits.

I.    ADMINISTRATIVE PROCEEDINGS

On or about November 21, 2013, the plaintiff filed an application for SSDI benefits claiming that he has been disabled since November 1, 2011, due to migraine headaches and depression. (Doc. No. 16 (Certified Transcript of Administrative Proceedings, dated April 14, 2018 ["Tr."]) 74, 93). The Commissioner denied the plaintiff's application initially and upon

---

[1] This case was originally brought against Defendant Carolyn Colvin, then-Commissioner of Social Security. On January 21, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security, and she is substituted as the Defendant in this suit. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g). The Federal Vacancies Reform Act, however, limits the time a position can be filled by an acting official, 5 U.S.C. § 3349(b); accordingly, as of November 17, 2017, Nancy Berryhill is serving as the Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

reconsideration. (Tr. 74–91, 93–109). On December 22, 2014, the plaintiff requested a hearing before an Administrative Law Judge ["ALJ"] (Tr. 121–22). The plaintiff filed an application for SSI on December 21, 2015. (Tr. 200–208). On May 12, 2016, a hearing was held before ALJ Alexander Peter Borré, at which the plaintiff and a vocational expert, Renee B. Jubrey, testified. (Tr. 43–73; *see* Tr. 19–42, 145–71, 285–87). On June 14, 2016, the ALJ issued an unfavorable decision denying the plaintiff's claim for benefits. (Tr. 19–42). On August 4, 2016, the plaintiff requested review of the hearing decision (Tr. 182–83), and on October 27, 2017, the Appeals Council denied the plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1–5).

The plaintiff filed his complaint in this pending action on December 28, 2017. (Doc. No. 1). On March 13, 2018, the parties consented to the jurisdiction of a United States Magistrate Judge, and the case was reassigned to Magistrate Judge Joan G. Margolis. (Doc. No. 12). The case was transferred to this Magistrate Judge on May 1, 2018. (Doc. No. 15). On May 8, 2018, the defendant filed her Answer and Certified Administrative Transcript, dated April 4, 2018. (Doc. No. 16). On July 9, 2018, the plaintiff filed his Motion to Reverse the Decision of the Commissioner (Doc. No. 18), with a stipulation of facts (Doc. No. 18-1), brief in support (Doc. No. 18-2 [Pl.'s Mem.]), and accompanying exhibits (Doc. Nos. 18-3–18-6).[2] On September 5, 2018, the defendant filed her Motion to Affirm the Decision of the Commissioner (Doc. No. 21), with brief in support. (Doc. No. 21-1 [Def.'s Mem.]).

---

[2] On July 11, 2018, the plaintiff refiled on the docket his Motion to Reverse the Decision of the Commissioner, Stipulation of Facts, Brief in Support, and accompanying exhibits. (Doc. Nos. 19–19-6). It appears that the plaintiff inadvertently refiled the documents, as they are identical to the submissions from July 9, 2018 and are dated July 9, 2018.

2

For the reasons stated below, the plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. No. 18) is GRANTED, and the defendant's Motion to Affirm (Doc. No. 21) is DENIED.

II.  FACTUAL BACKGROUND[3]

The Court presumes the parties' familiarity with the plaintiff's medical history, which is thoroughly discussed in the Joint Stipulation of Facts (Doc. No. 18-2). Though the Court has reviewed the entirety of the medical record, it cites only the portions of the record that are necessary to explain this decision.

III.  THE ALJ'S DECISION

Following the five-step evaluation process,[4] the ALJ found that the plaintiff's date last insured was December 31, 2014, and that the plaintiff had not engaged in substantial gainful activity since his alleged onset date of November 1, 2011. (Tr. 24, citing 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971, *et seq.*). The ALJ concluded that the plaintiff had the following severe

---

[3] The Court adopts and incorporates by reference the Joint Stipulation of Facts (Doc. No. 18-2). Throughout this Ruling, commonly used medical terms do not appear in quotation marks although the terms are taken directly from the plaintiff's medical records.

[4] An ALJ determines disability using a five-step analysis. *See* 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently working. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a). If the claimant is currently employed, the claim is denied. *Id.* If the claimant is not working, as a second step, the ALJ must make a finding as to the existence of a severe mental or physical impairment; if none exists, the claim is also denied. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). If the claimant is found to have a severe impairment, the third step is to compare the claimant's impairment with those in Appendix 1 of the Regulations [the "Listings"]. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *Balsamo v. Chater*, 142 F.3d 75, 79–80 (2d Cir. 1998). If the claimant's impairment meets or equals one of the impairments in the Listings, the claimant is automatically considered disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); *see also Balsamo*, 142 F.3d at 80. If the claimant's impairment does not meet or equal one of the listed impairments, as a fourth step, he will have to show that he cannot perform his former work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.1520(a)(4)(iv). If the claimant shows he cannot perform his former work, the burden shifts to the Commissioner to show that the claimant can perform other gainful work. *See Balsamo*, 142 F.3d at 80 (citations omitted). Accordingly, a claimant is entitled to receive disability benefits only if he shows he cannot perform his former employment, and the Commissioner fails to show that the claimant can perform alternate gainful employment. *See* 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v); *see also Balsamo*, 142 F.3d at 80 (citations omitted).

impairments: migraines, asthma, obesity, and depression.[5] (Tr. 24, citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). At step three, the ALJ concluded that the plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21, citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). The ALJ found that the plaintiff had the residual functional capacity ["RFC"] to perform medium work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that he was "limited to simple, repetitive tasks in an environment requiring no more than occasional public contact"; "must avoid concentrated exposure to dusts, gases, fumes, and odors"; could tolerate "moderate noise"; could never climb ladders, ropes, or scaffolds; could not tolerate exposure to hazards; could occasionally climb ramps and stairs; and could occasionally balance, stoop, kneel, crouch, and crawl. (Tr. 28). At step four, the ALJ concluded that the plaintiff was unable to perform any past relevant work. (Tr. 33, citing 20 C.F.R. §§ 404.1565 and 416.965). At step five, after considering the plaintiff's age, education, work experience, and RFC, the ALJ concluded that there were significant numbers of jobs in the national economy that the plaintiff could perform. (Tr. 35, citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)). Accordingly, the ALJ concluded that the plaintiff was not under a disability, as defined in the Social Security Act, at any time from the alleged onset date of November 1, 2011, through the date of his decision.[6] (Tr. 31, citing 20 C.F.R. §§ 404.1520(g) and 416.920(g)).

---

[5] The ALJ also found the following impairments that he determined were "non-severe": renal failure, cervical degenerative disc disease, and Chron's disease. (Tr. 25).

[6] A claimant's date last insured applies only to claims for SSDI, not SSI. *See McLellan v. Astrue*, No. 3:12-CV-1657 (DFM), 2016 WL 4126414, at *1 n.1 (D. Conn. Aug. 3, 2016); *Severino v. Astrue*, No. 3:07-CV-1347 (WIG), 2008 WL 3891956, at *1 (D. Conn. June 20, 2008), Magistrate Judge's Recommended Ruling approved and adopted, No. 3:07-CV-1347 (MRK) (D. Conn. July 11, 2008). Accordingly, reference to the plaintiff's date last insured of December 31, 2014 is applicable only to his claim for SSDI. The relevant time period for the plaintiff's claim for SSI is the date on which he filed his application for SSI through the date of the ALJ's decision; *see Stergue v. Astrue*, No.

IV.     STANDARD OF REVIEW

The scope of review of a Social Security disability determination involves two levels of inquiry. First, the court must decide whether the Commissioner applied the correct legal principles in making the determination. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998) (citation omitted). Second, the court must decide whether substantial evidence supports the determination. *See id.* The court may "set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation and internal quotations marks omitted); *see also* 42 U.S.C. § 405(g). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998) (citation omitted). The substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact. *See Gonzalez v. Apfel*, 23 F. Supp. 2d 179, 189 (D. Conn. 1998) (citation omitted); *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977) (citations omitted). However, the court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Dotson v. Shalala*, 1 F.3d 571, 577 (7th Cir. 1993) (citation omitted). Instead, the court must scrutinize the entire record to determine the reasonableness of the ALJ's factual findings. *See id.* Furthermore, the Commissioner's findings are conclusive if supported by substantial evidence and should be upheld even in those cases where the reviewing court might have found otherwise. *See* 42 U.S.C. § 405(g); *see also Beauvoir v.*

---

3:13-CV-25 (DFM), 2014 WL 12825146, at *2 (D. Conn. May 30, 2014) (citing *Pratt v. Astrue*, No. 3:10-CV-413 (CFD), 2011 WL 322823, at *3 (D. Conn. Jan. 28, 2011)); which, for this case, is between December 21, 2015 and June 14, 2016. (*See* Tr. 200–08; *see* Tr. 22).

*Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997) (citation omitted); *Eastman v. Barnhart*, 241 F. Supp. 2d 160, 168 (D. Conn. 2003).

V. DISCUSSION

In this appeal, the plaintiff contends that the ALJ erred in several respects. First, the plaintiff argues that the ALJ "[m]isconstrued the [e]vidence" regarding the plaintiff's migraine headaches. (Pl.'s Mem. at 1–9). Second, the plaintiff argues that the ALJ failed to develop the record. (Pl.'s Mem. at 9–16). Third, the plaintiff argues that the ALJ's analysis at steps two and three of the sequential evaluation process was "deficient." (Pl.'s Mem. at 17–20). Fourth, the plaintiff claims that the ALJ's step five analysis was "defective." (Pl.'s Mem. at 20–26). Finally, the plaintiff maintains that the ALJ failed to address adequately the plaintiff's subjective complaints of pain. (Pl.'s Mem. at 26–27). The defendant responds that the ALJ's decision was "free of legal error" and, therefore, should be affirmed. (Def.'s Mem. at 1).

In addressing each of the plaintiff's claims, the Court conducted a thorough review of the medical record to determine whether the ALJ's decision was supported by substantial evidence. Though neither the plaintiff nor the defendant specifically raised any issue related to whether the ALJ misread the medical evidence, the Court has identified one instance in which that occurred, and has determined that this error could not have been harmless. Specifically, the Court discovered that the ALJ misread evidence in the medical record and relied on this misreading in reaching his conclusion at Step Four of the sequential analysis. Accordingly, the Court cannot conclude that substantial evidence supports the ALJ's decision. A remand is warranted.

"Where . . . an ALJ misreads a critical piece of evidence in the record, and then relies on his error in reaching his opinion, the opinion cannot be said to be supported by 'substantial evidence.'" *Joseph v. Astrue*, No. 06-Civ-1356 (DCF), 2007 WL 5035942, at *5 (S.D.N.Y. Dec.

6

28, 2007), Magistrate Judge's Recommended Ruling approved and adopted, No. 06-Civ-1356 (RMB), 2008 WL 850158 (Mar. 20, 2008) (citing *Maldonado v. Apfel*, No. 98-Civ-9037 (AKH), 2000 WL 23208, at *3–4 (S.D.N.Y. Jan. 13, 2000)); *see also McHugh v. Astrue*, No. 11-CV-00578 (MAT), 2013 WL 4015093, at *9 (W.D.N.Y. Aug. 6, 2013). "Further, in some cases where the ALJ bases his decision on a misinterpretation of the evidence, remand may be warranted to afford the ALJ with an opportunity to re-evaluate the plaintiff's claim in light of what the evidence actually reveals." *Joseph*, 2007 WL 5035942, at *5 (citing *Lipsman v. Apfel*, No. 98-Civ-0743 (HB), 1998 WL 409708, at *6–7 (S.D.N.Y. July 20, 1998)). *See Malave v. Sullivan*, 777 F. Supp. 247, 253 (S.D.N.Y. 1991) (explaining that, to the extent the ALJ's decision was based on a misreading of the evidence, the decision was "not supported by substantial evidence in the record"); *see also Latour-Darch v. Colvin*, 14-CV-3000 (SLT), 2017 WL 2964812, at *9 (E.D.N.Y. July 10, 2017) (same).

Here, the ALJ explained that he afforded "great weight" to the medical source statement that Nanette Alexander, APRN, completed on March 9, 2016. (Tr. 32; Tr. 1358–61). In this report, APRN Alexander opined that, due to migraines, the plaintiff should limit his exposure to temperature extremes, noise, and fumes. (Tr. 1360). She added also that the plaintiff should avoid hazards because of the pain medications that he was taking, and that he should avoid dust, humidity, and fumes because of his asthma. (Tr. 1360). In addition, APRN Alexander added limitations on the plaintiff's ability to balance, kneel, crouch, and crawl. (Tr. 1359). The ALJ explained in his decision, "[o]verall, . . . the level of limitation opined by Ms. Alexander [in the March 9, 2016 medical source statement] is generally consistent with the evidence of record." (Tr. 32). The ALJ then went on to explain that he "also considered the opinion provided by Ms. Alexander that appears to be dated March 2012, as contained in Exhibit 31F[,]" and that the

7

opinion concludes "that the claimant cannot sustain work activity eight hours per day, five days a week and indicates this has been so since November 2011." (Tr. 32). The ALJ afforded this opinion "little weight in light of the more recent opinions provided[]" and treated it as a separate opinion from the March 9, 2016 medical source statement. (Tr. 32).

The Court concludes that the ALJ misread APRN Alexander's medical source statement "that appears to be dated March 2012" (Tr. 32); an error that was not harmless and, accordingly, one that warrants remand. The Court has reviewed the record and determined that APRN Alexander's opinion that the plaintiff cannot "work on a sustained, regular basis which is the equivalent to working an eight (8) hour day for five (5) days per week" and that the plaintiff's conditions have existed since the alleged onset date of November 1, 2011, is, in fact, part of APRN Alexander's March 9, 2016 medical source statement. In other words, the opinion was not its own, separate opinion from March 9, 2012, but instead was the fourth page to be included with the preceding three pages of APRN Alexander's March 9, 2016 medical source statement.

The Court has reached this conclusion based on several factors. First, the single-page opinion that the ALJ said "appears to be dated March 2012" is included as the fourth page of the four-page document labeled as Exhibit 31F, which is titled as "Medical Source Statement – Physical, *dated 3/9/2016,* from Prime Health Care: Dr Nanette Alexander" in the table of contents to the Certified Administrative Transcript. (Doc. No. 16-2 at 4 (emphasis added)). Second, on its own, the one-page opinion would be incomplete. For example, one question asks "Have these conditions existed since the alleged onset date of 11/01/2011"; however, nowhere on the page is there any indication of what the conditions are. Only when read in context with the preceding three pages, could one learn what conditions APRN Alexander opined have existed since the alleged onset date. Third, as of March 2012, the plaintiff had not applied for SSDI, SSI, or

8

Medicaid Disability. The record reflects that the plaintiff applied for SSDI on November 21, 2013 (Tr. 184–85), for SSI on December 21, 2015 (Tr. 200–08), and for Medicaid Disability sometime in 2015 (*see* Tr. 1011–1020). Therefore, APRN Alexander would not have had any reason to complete a medical source statement in March 2012.

     The ALJ's misreading of this piece of evidence was not harmless. The ALJ afforded "little weight" to APRN Alexander's opinion, which he believed to be from March 2012, "in light of the more recent opinions provided." (Tr. 32). With the knowledge that the opinion was part of APRN Alexander's March 9, 2016 medical source statement, it becomes clear that APRN Alexander's most recent opinion of the plaintiff was that he could not sustain work activity for eight hours per day, five days a week. Remand is warranted to afford the ALJ the opportunity to re-evaluate the plaintiff's claim with a correct understanding of the evidence. *See Joseph*, 2007 WL 5035942, at *5. As set forth above, the ALJ assumed that the three-page, March 9, 2016 medical source statement from APRN Alexander was separate from the one-page conclusion to that report, in which APRN Alexander opined that the plaintiff could not work a 40-hour week. To compound the problem, the ALJ afforded "little weight" to the fourth page of the statement by reasoning that it was written in March 2012 and was superseded by later, more relevant and timely medical statements. Had the ALJ understood that, as of March 9, 2016, APRN Alexander concluded in her medical source statement that the plaintiff could not work a 40-hour week, he may have reached a different conclusion. Thus, a remand is necessary to afford the ALJ the opportunity to consider properly this evidence.

VI.     CONCLUSION

For the reasons stated above, the plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. No. 27) is GRANTED, and the case is remanded to the Commissioner. The defendant's Motion to Affirm (Doc. No. 30) is DENIED.

This is not a recommended ruling. The consent of the parties allows this Magistrate Judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c). The Clerk's Office is instructed that, if any party appeals to this Court the decision made after this remand, any subsequent social security appeal is to be assigned to the Magistrate Judge who issued the Ruling that remanded the case.

Dated this 27th day of March, 2019 at New Haven, Connecticut.

/s/ Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge